CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 11 2006

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS RAIFORD, ) | |
|     Plaintiff, ) | Civil Action No. 7:06-cv-00421 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WALLENS RIDGE STATE PRISON, ) | |
| et. al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Thomas Raiford, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Raiford alleges that officials at Wallens Ridge State Prison interfered with his ability to practice his Jewish religious beliefs by failing to provide him with appropriate meals for the celebration of Passover in April 2006 and by refusing to approve him to receive the Common Fare Diet. The court informed Raiford that his allegations failed to state a constitutional claim against the defendants and granted him an opportunity to particularlize his claims. He has filed a motion that the court will construe and grant as a motion to amend. Upon consideration of the complaint as amended, however, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.

I.

Raiford's complaint as amended sets forth the following events from which his claims arise. His first claim is denial of Passover meals. In March 2006, officials at Wallens Ridge informed inmates that they would be able to purchase religious meals prepared by an outside vendor for use in the celebration of the Jewish Passover in April 2006. Inmates were required to complete an order

1

form for the Passover meals and submit it to the appropriate official by a certain date. Raiford signed up to receive the Passover meals and was told in writing that he was on the list. Officials themselves did not receive the order forms for the Passover meals, however, until after the vendor-set order deadline had passed. Therefore, Raiford could not file a timely order for the Passover meals and did not receive them during the Passover period in April 2006.

In his second claim, Raiford complains that he requested the Common Fare Diet, which meets the dietary needs of several major religions. Prison officials denied Raiford's diet request because he did not provide any documentation of his religious beliefs or why the Common Fare Diet was necessary to satisfy his religious dietary needs. Raiford apparently believes that he cannot provide adequate documentation of his beliefs because Wallens Ridge does not provide Jewish services for inmates.

II.

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be summarily dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Apparently, Raiford believes that defendants' actions violated his right to free exercise of his religious beliefs. The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. Amend. I. In order to establish a right under the Free Exercise Clause, Raiford must

2

make two threshold showings: (1) that he sincerely holds his religious beliefs, and (2) that his claims are rooted in religious belief and are not "purely secular." Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972); see also Cruz v. Beto, 405 U.S. 817, 822 (1977)(finding that inmates retain right to free exercise of sincere religious beliefs). In protecting inmates' constitutional rights, federal courts must give proper deference to prison officials' expertise in furthering the valid needs of the penological system. Bell v. Wolfish, 441 U.S. 520, 562 (1979). Even "when a prison regulation impinges on [an inmate's] constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987); Turner v. Safley, 482 U.S. 78, 89 (1987). Prison officials' negligent interference with an inmate's ability to exercise his constitutional rights does not state any claim actionable under § 1983. See Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995) (finding that negligent infringement on inmates' First Amendment right to access the courts was not actionable under § 1983).

III.

Under these principles, the court finds that Raiford's allegations fail to state any claim that defendants' actions violated his constitutional rights. First, although the court expressly advised him to amend his complaint to provide specific details about his religion and why receiving the Passover meals and the Common Fare Diet is important to those beliefs, Raiford has failed to provide any information whatsoever about his personal religious beliefs. The record is devoid of any such detail. Raiford does not even state expressly that he is Jewish, only that he wants Kosher foods as required "by the Mosaic Laws of the Old Testament of the Bible 'Torah' by Moses," requiring that "animals have to be prepared in certain ways and have to be sacrificed in a certain way." He does not indicate that he has followed Kosher principles or celebrated the Passover on previous occasions, in prison

3

or out. Thus, the court cannot find that Raiford has alleged facts demonstrating that he has any sincere, personal religious belief requiring him to celebrate Passover or receive a Kosher diet.

Second, Raiford's allegations do not indicate that prison officials have unreasonably restricted his right to practice whatever religious dietary beliefs he may have. Officials have a legitimate prison interest in providing special religious meals only to those inmates who demonstrate a sincere religious belief requiring such a practice. To this end, Wallens Ridge officials required inmates to complete order forms for Passover meals and to document their religious affiliation in some way when applying to receive the Common Fare Diet. These procedures are rationally related to the prison's legitimate need to administer such programs in an orderly and efficient way. Nevertheless, these officials are clearly attempting to accommodate inmates' religious dietary needs. Indeed, Raiford's own allegations indicate that if he had complied with the procedures, he would have been eligible to receive both the Passover meals and the desired diet. He admits that his Passover order form was not submitted in time, but he does not allege facts suggesting that anyone deliberately denied him these forms or the Passover meals. At most, officials were negligent in their handling of the order form system, and mere negligence does not violate constitutional rights. Moreover, as stated, even now Raiford does not offer any proof or explanation of his religious beliefs. Without documentation of some kind to demonstrate his religious need for the Common Fare diet, prison officials acted reasonably in denying him the diet. Furthermore, the record offers no indication that Raiford is barred from reapplying for the Common Fare diet or that proof of attending Jewish religious services while in prison is the only manner in which he could "document" his beliefs in support of his diet application.

In conclusion, for the stated reasons, the court cannot find that Raiford's allegations state any

claim that defendants have violated his constitutional right to free exercise of his religious beliefs. Therefore, the court will dismiss the action for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 11th day of August, 2006.

*James C. Turk*
Senior United States District Judge

5

Case 7:06-cv-00421-JCT-mfu   Document 9   Filed 08/11/06   Page 5 of 5   Pageid#: 40